## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TARA THURLER, as Special Administrator )
for the Estate of Kristen J. Shockley, deceased, )
and MEL GREGORY, as Guardian Ad Litem )
for A.T., a minor, and JENNIFER STULTZ, )
as Guardian Ad Litem for A.H., a minor, )
                                                                      Plaintiffs, )
)
vs. )         Case No. 13-01073-JAR-JPO
)
WILLIAM POPEJOY, )
)
                                                      Defendant. )

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Consolidate (Doc. 7) for all purposes the above-captioned case ("*Thurler*") with *Michael Haakenson, Guardian Ad Litem to A.H., minor and heir-at-law of Kristen J. Shockley, and Lisa M. Shultz, Guardian Ad Litem to A.T., minor and heir-at-law of Kristen J. Shockley ("Haakenson")*, Case No. 12-2651-EFM-DJW. The motion is unopposed, and the Court is prepared to rule. As explained below, the Court grants Defendant's motion.

Federal Rule of Civil Procedure 42(a) allows a court to consolidate "any or all the matters in issue in the actions" if the actions involve a "common question of law or fact." The decision to consolidate such actions is left to the district court's discretion.[1] "In exercising its discretion, the court should take into consideration whether judicial efficiency is best served by

---

[1] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1345-46 (D. Kan. 2008) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).

consolidation. The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[2]

The Court finds that both cases involve common questions of fact and law. First, both actions arise from the death of Kristen J. Shockley on April 2, 2012. Mr. Shockley died as a result of physical injuries sustained in a motor vehicle collision in Kansas City, Kansas. Second, both actions involve the same parties, Mr. Shockley's minor children, who are his heirs and the real parties in interest regardless of who is named as guardian ad litem for the children or the administrator for the estate of Mr. Shockley,[3] and defendant. Third, both actions allege claims for wrongful death, and both actions will involve similar discovery and witnesses. The fact that the *Thurler* Petition alleges a survival claim and the *Haakenson* First Amended Complaint alleges there is "no evidence of conscious pain and suffering to support a survival claim" is not sufficient reason to deny consolidation (No. 12-02651, Doc. 4, ¶ 14). If, as here, "two cases arise from the same operative facts and substantially the same witnesses will testify in both cases, consolidation is particularly appropriate. The fact that one suit involves a claim for damages not involved in the other suit does not preclude consolidation."[4] Fourth, defendant argues that if the two cases are not consolidated, he is in the prejudicial position of being at risk for inconsistent and duplicate adjudications arising from the same operative facts.[5] The Court is persuaded that

---

[2] *Id.* (internal citations omitted).
[3] *See Lane v. United States*, No. 90-4228-S, 90-4229-S, 1991 WL 105204, at *1 (D. Kan. May 28, 1991) (Even if the parties differed, "actions by different parties arising out of the same tort, particularly in cases of automobile accidents, are frequently ordered consolidated.").
[4] *Fields v. Atchison, Topeka and Santa Fe Ry.*, No. 95-4026-DES, 95-4027-DES, at *2 (D. Kan. Feb. 7, 1996) (internal citations omitted).
[5] See *Munjak v. Signator Investors Inc.*, No. 02-2108-CM, 03-2081-CM, 03-2099-CM, 03-2175-CM, 03-2176-CM, 03-2211-CM, 03-2295-CM, 2003 WL 23506989, at *1 (D. Kan. Dec. 10, 2003) (quoting *Arnold v. E. Air Lines*, Inc., 681 F.2d 186, 193 (4th Cir.) ("The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time require to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.")).

consolidation of the two actions will serve the policy of judicial efficiency and eliminate unnecessary duplication of time, resources, and efforts by the Court, the parties, and counsel.

The *Haakenson* case was filed on October 5, 2012 at Kansas City, Kansas, and Defendant was served on December 11, 2012. The *Thurler* case was filed on December 20, 2012 in Sedgwick County, Kansas District Court; Defendant was served on January 27, 2013; and the *Thurler* case was timely removed to federal court on February 13, 2013. Plaintiffs in *Haakenson* also have filed a Motion for Consolidation (No. 12-02651, Doc. 13). Because the *Haakenson* action was commenced first and the motor vehicle accident occurred in Kansas City, the *Haakenson* plaintiffs request that the instant case, the *Thurler* case, be consolidated with the *Haakenson* case and all further proceedings conducted in Kansas City, Kansas. Defendant has no objection. The *Thurler* plaintiffs have filed no objection.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Consolidate (Doc. 7) is granted.

**IT IS SO ORDERED.**

Dated: March 12, 2013　　　　　　　　　　　　　　　s/ Juile A. Robinson
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge